GORDON I. ENDOW (SBN: 099638)
JEREMY W. KATZ (SBN: 119418)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Plaintiff
ALLTEL COMMUNICATIONS PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLTEL COMMUNICATIONS PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CABLE TECH, INC., a California corporation, <br><br> Defendant. | CASE NO. C01-21043 PVT <br><br> **COMPLAINT FOR BREACH OF CONTRACT; OPEN BOOK ACCOUNT; ACCOUNT STATED; AND QUANTUM VALEBAND** |

## JURISDICTION AND VENUE

1.  This action is brought on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the defendant resides in this district.

## INTRADISTRICT ASSIGNMENT

3.  San Jose is the appropriate Division because the defendant has its principal place of business in Santa Clara County, California.

//

//

-1-

## THE PARTIES

4. Plaintiff ALLTEL COMMUNICATIONS PRODUCTS, INC. ("ALLTEL") is an Ohio corporation with its principal place of business in Alpharetta, Georgia.

5. Defendant CABLE TECH, INC. ("CABLE TECH") is a California corporation with its principal place of business in San Jose, California.

## GENERAL ALLEGATIONS

6. ALLTEL sells various telecommunications and electrical products. Pursuant to various invoices and purchase orders, ALLTEL sold to CABLE TECH the goods described in those invoices and purchase orders (collectively "Contracts") in February and March 2001, for a total sum of $101,174.49 ("Purchase Price").

7. The Contracts provide that payment terms are net 30 days.

8. The Contracts provide that "All sums not paid according to said terms shall be subject to interest or a late charge at the rate of one-half percent per month except where the applicable state law prescribes a maximum legal interest or late charge and only at the maximum amount allowed by law."

9. The Contracts provide that "In the event it is necessary to place a proposal in the hands of an attorney for collection, Purchaser will pay [ALLTEL] reasonable attorney's fees.

10. ALLTEL has fully performed all conditions, covenants, and obligations required of it under the Contracts.

11. CABLE TECH has failed to pay the Purchase Price, even though ALLTEL has demanded payment.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

12. ALLTEL realleges the allegations contained in paragraphs 1 through 11.

13. CABLE TECH breached the Contracts by failing and refusing to pay the Purchase Price and attendant late charges of one and one-half percent per month. CABLE TECH owes ALLTEL the sum of $101,174.49 as of July 25, 2001, plus accruing late charges and any other remedies permitted under the Contracts.

ALLTEL'S COMPLAINT FOR BREACH OF CONTRACT, ETC.

14. ALLTEL has demanded payment from CABLE TECH, but CABLE TECH has not paid the Purchase Price.

15. ALLTEL has had to employ the law firm of Gordon & Rees LLP to collect the Purchase Price. Under the Contracts, CABLE TECH must pay ALLTEL'S reasonable attorney's fees.

WHEREFORE, ALLTEL prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
(Open Book Account)

16. ALLTEL realleges the allegations contained in paragraphs 1 through 15.

17. Within four years preceding the filing of this lawsuit, CABLE TECH became indebted to ALLTEL in the sum of $101,174.49 for a balance due on a book account for goods sold and delivered by ALLTEL to CABLE TECH at CABLE TECH'S request. CABLE TECH has not paid the $101,174.49, although ALLTEL has demanded payment. There is now due and owing the sum of $101,174.49, plus late charges at the rate of one and one-half percent per month since July 25, 2001.

18. Pursuant to California Civil Code § 1717.5, ALLTEL is entitled to its reasonable attorney's fees.

WHEREFORE, ALLTEL prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF
(Account Stated)

19. ALLTEL realleges the allegations contained in paragraphs 1 through 18.

20. Within four years preceding the filing of this lawsuit, an account was stated by and between ALLTELL and CABLE TECH, in which it was agreed that CABLE TECH owed the sum of $101,174.49 to ALLTEL, together with late charges thereon at the rate of one and one-half percent per month since July 25, 2001. CABLE TECH has not paid the sum, although ALLTEL has demanded payment.

WHEREFORE, ALLTEL prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF
(Reasonable Value – *Quantum Valeband*)

21. ALLTEL realleges the allegations contained in paragraphs 1 through 20.

22. Within two years preceding the filing of this lawsuit, CABLE TECH became indebted to ALLTEL for the reasonable value of goods sold and delivered to CABLE TECH at CABLE TECH'S request. The reasonable value of those goods is $101,174.49. CABLE TECH has not paid that sum, although ALLTEL has demanded payment, and there is now due, owing, and unpaid the sum of $101,174.49, together with late charges thereon at the rate of one and one-half percent per month since July 25, 2001.

WHEREFORE, ALLTEL prays for judgment as follows:

**PRAYER FOR RELIEF**

On all claims for relief:

1. For the sum of at least $101,174.49, plus late charges thereon at the rate of one and one-half percent per month from July 25, 2001, and interest on that sum at the legal rate from July 25, 2001;

2. For costs of suit;

3. For reasonable attorney's fees; and

4. For all other relief that the Court deems appropriate.

Dated: November 5, 2001

GORDON & REES LLP

By: _____
JEREMY W. KATZ,
Attorneys for Plaintiff
ALLTEL COMMUNICATIONS PRODUCTS, INC.

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

GORDON & REES LLP

By: _____
JEREMY W. KATZ,
Attorneys for Plaintiff

-4-
ALLTEL'S COMPLAINT FOR BREACH OF CONTRACT, ETC.